**UNITED STATES of America,**
**Appellee,**

v.

**Arthur Tilmer MANKINS, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Jerry Thomas DISHER, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**John Richard NEWSOME, Appellant.**

**Nos. 73–2120–73–2122.**

United States Court of Appeals,
Fourth Circuit.

Submitted March 25, 1974.

Decided June 14, 1974.

N. Carlton Tilley, Jr., U. S. Atty., on brief for the United States.

R. Bradford Leggett, Winston-Salem, N. C. [Court-appointed], on brief for appellant Arthur Tilmer Mankins.

Eddie C. Mitchell, Winston-Salem, N. C. [Court-appointed], on brief for appellant Jerry Thomas Disher.

Harrell Powell, Jr., Winston-Salem, N. C. [Court-appointed], on brief for appellant John Richard Newsome.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WINTER, Circuit Judge.

PER CURIAM:

On March 14, 1973, a branch bank of the Winston-Salem Savings and Loan Association was robbed by a lone gunman. Subsequently, Arthur Tilmer Mankins, Jerry Thomas Disher, and John Richard Newsome were indicted and convicted for the offense. Mankins was identified as the gunman, and Disher and Newsome were prosecuted as principals for having aided and abetted Mankins. All three men now appeal their convictions. Since the three were tried jointly and raise related issues, we have determined to decide their appeals in a single opinion. For reasons hereinafter stated, we affirm the convictions.

■ Mankins raises three grounds for relief. It is first claimed that a photographic identification by witnesses was conducted in such a manner that it tainted their subsequent in-court identification. This argument is devoid of merit. The individual who robbed the bank wore no mask or disguise. The two tellers present at the bank had an opportunity to view him for some three to five minutes. Each teller separately identified Mankins from police photographs the afternoon of the robbery, and each identified him in court. We have carefully examined the record and discern nothing whatsoever · which would suggest that the photographic display was impermissibly suggestive, or that the in-court identifications did not have an independent basis. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ Mankins' second contention is that testimony concerning his status as an escaped prisoner prejudiced his defense. While several references were made to the fact that Mankins had escaped from a state penal facility the week before the robbery, we conclude that he is not thereby entitled to relief. The evidence of a prior criminal conviction was not employed to prove the offense charged, but was introduced because relevant to show the relationship between Mankins and his codefendants. It was undisputed that Disher and Newsome were instrumental in facilitating Mankins' escape, and that the three were in close contact for much of the week between the escape and the robbery. In any case, there was ample direct evidence of Mankins' guilt so that any error in allowing unnecessary references to his status as an escaped prisoner was harmless.

■ Mankins' final argument is that the court erred by instructing the jury that a finding of guilty as to him was a condition precedent to deliberations concerning the guilt of Disher and Newsome. We disagree. The evidence concerning Disher and Newsome was that they aided and abetted Mankins. There was no evidence whatsoever that Disher and Newsome may have aided and abetted someone other than Mankins. It was therefore proper to permit jury deliberations as to Disher and Newsome only after an initial finding of Mankins' guilt. We find no violation of due process or of Rule 31(b) of the Federal Rules of Criminal Procedure. We therefore affirm Mankins' conviction.

■ Disher and Newsome each raise the same allegations of error. They first claim that the district court erred by requiring that they be tried jointly with Mankins. We conclude that denial of the motions for severance was not error. The three men were indicted to-

gether pursuant to F.R.Cr.P. 8(b); the general rule is that individuals indicted together should be jointly tried. United States v. Shuford, 4 Cir., 454 F.2d 772. Here, the factors of time, money, and manpower dictated a joint trial, since separate trials would have necessitated much duplication of testimony. As in almost all cases with multiple defendants, the jury had to be cautioned periodically that evidence admitted against one defendant was not to be considered against the others. We see no reason, however, why the jury would have been unable to heed the judge's instructions. This case presents no situation comparable to *Shuford, supra,* where we concluded that severance had been improperly denied because one defendant's defense rested heavily on the exculpatory testimony of his codefendant who was willing to give such testimony but for fear that by taking the stand in the joint trial he would jeopardize his own defense. 454 F.2d at 776. Here, there has been no allegation by either Disher or Newsome that they needed the testimony of Mankins to prove their innocence.

■ The principal ground for relief asserted by both Disher and Newsome, however, is that insufficient evidence was presented to sustain either conviction. We cannot agree since the evidence, viewed most favorably to the government, was sufficient to sustain the jury's verdicts. United States v. Sherman, 4 Cir., 421 F.2d 198, cert. denied, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970). Although the evidence against both Disher and Newsome was circumstantial and did not exclude every reasonable hypothesis consistent with innocence, it is the rule of this Circuit that such evidence may be relied upon by a jury to convict. United States v. Bobo, 4 Cir., 477 F.2d 974. We find nothing in these appeals that persuades us to abandon this rule.

Accordingly, as to each appellant, the judgment of the district court is affirmed.

Affirmed.